UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Cushaw B. Barnett,
    Plaintiff

    v.                                  Civil No. 09-cv-281-SM
                                          Opinion No. 2009 DNH 132

Paul J. Barbadoro,
    Defendant

**O R D E R**

This case was assigned to me in the random draw. The plaintiff's complaint names a judge of this court as defendant and seeks monetary damages for alleged deprivation of plaintiff's constitutional rights, purportedly because the named judge presided over plaintiff's federal criminal prosecution and imposed sentence (after defendant pled guilty to the charged crime). Plaintiff, a federal prisoner acting pro se, says that the court was without subject matter jurisdiction over his criminal case because his crime did not take place "on land under the exclusive or concurrent jurisdiction of the federal government," and, accordingly, he says the judge unlawfully deprived him of his liberty.

Ordinarily, given that the suit is brought against a colleague, I would consider recusal and transfer of this case to another district. In re United States, 441 F.3d 44, 56–57 (1st

Cir. 2006).  But, the patently frivolous claims asserted in the complaint "leave[s] no room for any rational person to imagine that any bias could underlie [its dismissal]."  Swan v. Barbadoro, 520 F.3d 24, 26 (1st Cir. 2008).  And, "[t]here is, in addition, a countervailing concern 'to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons . . . .'"  Id., citing In re Allied-Signal, Inc., 891 F.2d 967, 970 (1st Cir. 1989).

   Here the complaint is patently frivolous for any number of reasons.  As in Swan, a judgment in plaintiff's favor on the complaint as filed would necessarily impugn the validity of his criminal conviction, which is not permitted.  Heck v. Humphrey, 512 U.S. 477 (1994).  And, the claim that federal criminal law is inapplicable within the borders of the United States is completely frivolous.  And, the named defendant enjoys absolute judicial immunity from liability for judicial acts, such as presiding over criminal prosecutions and imposing criminal sentences.  Stump v. Sparkman, 435 U.S. 349 (1978).

   The complaint is summarily dismissed as frivolous, and for failure to state a claim upon which relief may be granted, and as

seeking monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. The clerk shall close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 2, 2009

cc: Cushaw B. Barnett, pro se